**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louise Marquez, | No. CV-16-03351-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Glendale Union High School District, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Order Reinstating Counts Four and Six (Doc. 90). For the reasons set forth below, the Court denies Plaintiff's Motion.

## I. BACKGROUND

In an Order dated October 9, 2018, the Court ruled on Defendant's Motion for Summary Judgment (Doc. 67) and Plaintiff's Motion for Partial Summary Judgment (Doc. 70). (Doc. 86 at 53).[1] As relevant here, the Court's Order granted Defendant's Motion for Summary Judgment, in part, as to Plaintiff's Fourth Cause of Action alleging

---

[1] Specifically, the Court granted Defendant's Motion for Summary Judgment (Doc. 67) in part as to Plaintiff's Fourth Cause of Action alleging disability discrimination under the ADA, as to Plaintiff's Fifth Cause of Action alleging retaliation under the ADA, as to Plaintiff's Sixth Cause of Action alleging disability discrimination under the Rehabilitation Act, and as to Plaintiff's Seventh Cause of Action alleging retaliation under the Rehabilitation Act. (Doc. 86 at 53). To the extent the Court construed Plaintiff's Ninth Cause of Action alleging retaliation under the FMLA as an FMLA interference claim, the Court also granted summary judgment for Defendant on any theory of FMLA retaliation. (*Id.*). The Court further denied Defendant's Motion for Summary Judgment in part as to Plaintiff's Third Cause of Action alleging age discrimination under the ADEA, and as to Plaintiff's Eighth Cause of Action alleging FMLA interference. (*Id.*). Finally, the Court denied Plaintiff's Motion for Partial Summary Judgment (Doc. 70). (*Id.*).

disability discrimination under the Americans with Disabilities Act ("ADA"), and as to Plaintiff's Sixth Cause of Action alleging disability discrimination under the Rehabilitation Act. (*Id.*). On November 6, 2018, Plaintiff filed a Motion for Order Reinstating Counts Four and Six (Doc. 90) (hereinafter "Motion") asking the Court to modify its prior Order (Doc. 86) pursuant to Federal Rules of Civil Procedure 54(b) and 60(b)(1) by reinstating Plaintiff's disability discrimination claims under the ADA and the Rehabilitation Act. (Doc. 90 at 1). Particularly, Plaintiff seeks relief from the Court's Order (Doc. 86) because it "overlooked or ignored crucial evidence presented by [Plaintiff] that would have supported a finding that [Defendant] had notice of her disability under circumstances that created a duty to engage in the interactive process[.]" (Doc. 90 at 2).

Although the Court did not order Defendant to do so, Defendant filed a Response to Plaintiff's Motion for Order Reinstating Counts Four and Six (Doc. 92) (hereinafter "Response") on November 19, 2018. Defendant asks the Court to award its attorneys' fees incurred in preparing its Response (Doc. 92) "based on the lack of merit to Plaintiff's position and her end run around LR[Civ] 7.2." (Doc. 92 at 8). On November 26, 2018, Plaintiff filed a Reply in Support of Motion for Order Reinstating Counts Four and Six (Doc. 93) (hereinafter "Reply"). The Court also did not order Plaintiff to file a Reply.[2]

**II. ANALYSIS**

As a preliminary matter, the Court notes that Plaintiff titled the motion at issue, (Doc. 90), as "Motion for Order Reinstating Counts Four and Six." However, neither the Federal Rules of Civil Procedure nor the District of Arizona's Local Rules provide for the filing of "motions to reinstate." Although improperly titled, the Court construes Plaintiff's Motion for Order Reinstating Counts Four and Six as a motion for reconsideration under District of Arizona Local Rule LRCiv 7.2(g) ("LRCiv 7.2(g)").

Plaintiff cites Federal Rules of Civil Procedure 54(b) and 60(b)(1) as purported

---

[2] Although the Court's local rules do not permit the filing of a response or reply to a motion for reconsideration unless Ordered by the Court, LRCiv 7.2(g)(2), the Court has nonetheless considered these filings.

- 2 -

authority for her Motion. (Doc. 90 at 2–5). Plaintiff errs in seeking relief under Fed. R. Civ. P. 60(b)(1), which provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" upon a showing of "mistake, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Importantly, however, that Rule only provides relief "from a *final* judgment, order, or proceeding." *Id.* (emphasis added). As the Court's Order of October 9, 2018 did not "end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment," it was not a final judgment or appealable order. *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992) (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Rather, "[i]t is axiomatic that orders granting partial summary judgment, because they do not dispose of all claims, are not final appealable orders[.]" *Cheng v. Comm'r*, 878 F.2d 306, 309 (9th Cir. 1989) (citations omitted). Therefore, it is clear that Rule 60(b) does not apply here. Accordingly, to the extent that Plaintiff's Motion seeks relief from the Court's October 9, 2018 Order under Rule 60(b)(1), her Motion is denied.

Plaintiff also cites Fed. R. Civ. P. 54(b) as authority for her Motion, (Doc. 90 at 2), which states, in part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). It is true that courts "have inherent power to modify their interlocutory orders before entering a final judgment." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989) (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47–48 (1943); *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922)); *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[A] district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case.") (citations omitted). However, as recognized in various cases

cited by Plaintiff,[3] Rule 54(b) relates to motions for reconsideration[4]—for which the Court has its own legal standard. Specifically, as noted in the Rule 16 Scheduling Order (Doc. 16), "should a party choose to file a motion for reconsideration of an interlocutory order, such party shall file such motion under the standard set forth in *Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003)." (Doc. 16 n. 4). Despite the Court's admonition, Plaintiff failed to use this correct legal standard in her Motion. This failure is one of multiple reasons why the Court declines to grant Plaintiff's Motion.

### A. The Court's Standard for Motions for Reconsideration

The Court has the authority to reconsider a prior order. *Motorola, Inc.*, 215 F.R.D. at 582 (citing *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri–cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992)). Motions for reconsideration, however, are disfavored and are not the proper means for parties to raise new arguments not stated in their past briefs. *Id.* (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)). Reconsideration is also not an appropriate means to ask the Court to merely rethink a question it has already decided without an acceptable reason to do so. *Id.* (citing *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998)). Furthermore, "dissatisfaction or disagreement is not a proper basis for reconsideration[.]" *Ellsworth v. Prison Health Services Inc.*, 2013 WL 1149937, at *2 (D.Ariz. March 20, 2013) (internal quotation marks and citations

---

[3] *See* (Doc. 90 at 3–4 (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (stating that "Rule 54(b) allows parties to seek reconsideration of interlocutory orders"); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (indicating that "because the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision") (citing Fed. R. Civ. P. 54(b)); *McClung v. Gautreaux*, No. CIV.A. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011) (stating that "because the district court is faced on with an interlocutory order, it is free to reconsider its ruling" under Fed. R. Civ. P. 54(b)) (citing *Brown v. Wichita Cty., Tex.*, No. 7:05-CV-108-O, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011))).

[4] *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (noting that "as long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient") (citing Fed. R. Civ. P. 54(b)).

omitted).

LRCiv 7.2(g) provides, in part, that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." A motion for reconsideration "shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." LRCiv 7.2(g)(1).

The Court has adopted the following standards upon which a motion for reconsideration of an interlocutory order will be granted:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> (2) There are new material facts that happened *after* the Court's decision;
>
> (3) There has been a change in the law that was decided or enacted *after* the Court's decision; or
>
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc.*, 215 F.R.D. at 586. Although Plaintiff contends that the "choice of which Rule(s) to proceed under was for Marquez and her counsel, not GUHSD[,]" (Doc. 93 at 2), Plaintiff's failure to abide by the Court's Local Rules or follow the Court's Rule 16 Scheduling Order (Doc. 16) setting forth the *Motorola, Inc.* standard is to her own detriment.[5]

---

[5] When attempting to argue that LRCiv 7.2(g) does not apply to her Motion, Plaintiff states that "a Local Rule cannot abrogate or limit the express provisions of the FRCP." (Doc. 93 at 2). However, Plaintiff does not explain how she believes LRCiv 7.2(g) abrogates the Federal Rules of Civil Procedure, or even indicate which rules LRCiv 7.2(g) allegedly so limits. Moreover, two of Plaintiff's citations for her statement

- 5 -

### B. **Plaintiff's Motion is Untimely**

"Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2). The subject of Plaintiff's Motion here is the Court's Order (Doc. 86) ruling on Defendant's Motion for Summary Judgment (Doc. 67) and Plaintiff's Motion for Partial Summary Judgment (Doc. 70), which was entered on October 9, 2018. (Doc. 86). Although it was due by October 23, 2018, Plaintiff did not file her Motion until November 6, 2018. (Doc. 90). Not only was Plaintiff's Motion untimely, but she also did not demonstrate good cause for her failure to file the Motion within 14 days of the filing of the Court's October 9, 2018 Order.[6] Due to Plaintiff's failure to adhere to the time limits prescribed by LRCiv 7.2(g)(2), the Court denies her Motion.

### C. **Plaintiff's Motion Fails to Present New Facts or Legal Authority Which Could Not Have Been Brought to the Court's Attention Earlier with Reasonable Diligence**

Although the Court will grant a motion for reconsideration where the moving party presents new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence, *Motorola, Inc.*, 215 F.R.D. at 586, Plaintiff has not made such a showing here. The only "new" legal authorities which Plaintiff cites

---

that "a Local Rule cannot abrogate or limit the express provisions of the FRCP[,]" (*id.* at 2), are blatantly incorrect in that they either do not exist or they do not provide any support for this statement. First, Plaintiff cites the following "case": "Holloway v. Lockhart, 813 F. 3d 874, 880 (8th Cir., 1987)" [sic]. (*Id.* at 2). There is no such case with that name in that volume of the Third Series of the Federal Reporter. Although the Court did find a case by the name of *Holloway v. Lockhart*, 792 F.2d 760 (8th Cir. 1986), that case provides no support for Plaintiff's statement. Second, Plaintiff cites "28 U.S.C. 2017(a)" [sic]. This provision of the United States Code also does not exist. The Court will not endeavor to try to figure out which case or statute Plaintiff was attempting to cite.

[6] In her Reply, Plaintiff contends that, "even if, *arguendo*, LRCiv 7.2(g) was the only authority for Marquez to seek reinstatement of her two dismissed counts, the fourteen-day time limit under that Local Rule is not jurisdictional." (Doc. 93 at 2 (citing *Ta Yoat Ni v. Ryan*, No. CV-13-01155-PHX-PGR, 2014 WL 2569139, at *7 (D. Ariz. June 9, 2014)). Even if it is true that LRCiv 7.2(g)'s time limit is not jurisdictional, Plaintiff has not articulated any exception which would render her late motion for reconsideration timely. *See Ta Yoat Ni*, 2014 WL 2569139, at *7; LRCiv 7.2(g)(2).

in her Motion are *Snapp v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018), and *Schmidt v. Safeway Inc.*, 864 F. Supp. 991, 997 (D. Or. 1994). (*See* Doc. 90 at 12–13). Although Plaintiff relies on these two cases for support for the first time in her Motion, these two cases were both decided prior to the Court's October 9, 2018 decision (Doc. 86) and prior to the date Plaintiff filed her Amended Response to Defendant's Motion for Summary Judgment (Doc. 83).[7] Therefore, these two cases do not represent a "change in the law that was decided or enacted *after* the Court's decision." *Motorola, Inc.*, 215 F.R.D. at 586. Nor can Plaintiff show that these cases represent a material difference in law "from that presented to the Court" which Plaintiff "could not have known of through reasonable diligence" at the time of the Court's decision, *id.*, as both the *Snapp* and *Schmidt* cases were cited by the Court in its October 9, 2018 Order (Doc. 86).[8]

Plaintiff also did not present any new material facts that happened after the Court's decision, or which she could not have known of through reasonable diligence at the time of the Court's decision ruling on the parties' motions for summary judgment. *Motorola, Inc.*, 215 F.R.D. at 586. The only "new" fact Plaintiff avers in her Motion is that her alleged disability, her brain tumor, was "cancerous." (Doc. 90 at 2, 6). Nevertheless, Plaintiff's Motion does not provide any documentation or attach any Declaration testimony indicating that her brain tumor was, in fact, cancerous. As noted in the Court's October 9, 2018 Order, Plaintiff previously never alleged that she had cancer, and only referred to her alleged disability as a "brain tumor." (Doc. 86 at 28 n. 18). Here, Plaintiff's Motion does not aver that she found out that this brain tumor was "cancerous"

---

[7] The Ninth Circuit decided *Snapp v. United Transportation Union* on May 11, 2018. *Snapp*, 889 F.3d at 1095. *Schmidt v. Safeway Inc.* was decided on June 9, 1994. *Schmidt*, 864 F. Supp. at 997. Plaintiff, however, did not file her Amended Response to Defendant's Motion for Summary Judgment (Doc. 83) until July 16, 2018.

[8] In fact, the Court cited the same exact quote from *Schmidt v. Safeway Inc.* in its Order, which Plaintiff cites in her Motion as law supporting her position. *Compare* (Doc. 86 at 35), *with* (Doc. 90 at 13). Additionally, the Court cited the same quote from *Snapp v. United Transportation Union* which Plaintiff also cites—in bold font—in her Motion. *Compare* (Doc. 86 at 36–37 n. 24), *with* (Doc. 90 at 12). Clearly, the Court had the *Snapp* and *Schmidt* decisions before it when ruling on the parties' motions for summary judgment.

*after* the Court's decision, or that she could not have known, through reasonable diligence, that her brain tumor was cancerous at the time of the Court's October 9, 2019 Order. (*See* Doc. 90).

Further, Plaintiff's Motion repeats arguments which the court previously considered and found unsuccessful. A motion for reconsideration may not "repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order" for which the party seeks reconsideration. LRCiv 7.2(g)(1). Indeed, repeating arguments in a motion to reconsider may be grounds for denial of the motion. *Id.* Plaintiff's Motion *extensively* block quotes portions of the Court's Order (Doc. 86) which set forth the facts and arguments previously made by Plaintiff relevant to the third element of the *prima facie* case for disability discrimination. (*See* Doc. 90 at 6–8, 10, 14). Plaintiff's Motion also quotes her Declaration, which the Court also previously considered when ruling on Defendant's Motion for Summary Judgment on Plaintiff's disability discrimination claims. (*See id.* at 9).[9]

Plaintiff claims that the portions of the Court's Order (Doc. 86) and Declaration which she quotes "set[] out the material facts/admissible evidence *she presented in the prior summary judgment proceedings* which, if believed by the trier-of-fact, would support a finding that Defendant GUHSD had notice of her disability under circumstances which created a duty to engage in the interactive process[.]" (Doc. 90 at 5) (emphasis added). Nevertheless, as Plaintiff recognized herself, these facts and arguments were already "presented in the prior summary judgment proceedings." (*Id.*). Although Plaintiff claims that the Court "ignored" or "overlooked" these facts and arguments, the

---

[9] The Court cites or references Plaintiff's Declaration (Doc. 77-1 at 132–38) multiple times in its October 9, 2018 Order. (*See* Doc. 86 at 3, 13–15, 17). Although Plaintiff failed to discover her Declaration was unsigned prior to submitting it to the Court in support of her Response to Defendant's Motion for Summary Judgment, the Court pointed out this error in its Order. (Doc. 86 at 13–14). Even after pointing out Plaintiff's "clerical error" of filing an unsigned copy of her Declaration, (Doc. 91), and producing a 53 page Order (Doc. 86) that comprehensively examines the parties arguments and evidence—including Plaintiff's Declaration—Plaintiff contends that the Court "ignored" and "overlooked" her declaration testimony, (Doc. 90 at 5, 9).

- 8 -

Court considered them already.[10] Therefore, in quoting portions of the Court's Order (Doc. 86) and her Declaration, Plaintiff merely repeats arguments she already made—and which the Court did not find sufficient to establish a *prima facie* case of disability discrimination—in violation of LRCiv 7.2(g)(1). For these additional reasons, the Court denies Plaintiff's Motion.

### D. Plaintiff's Motion Fails to Demonstrate that the Court's Ruling was Manifestly Erroneous

The Court will also grant a motion for reconsideration where the moving party "makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision." *Motorola, Inc.*, 215 F.R.D. at 586. Nevertheless, Plaintiff failed to make such a showing here. Plaintiff's Motion asserts that the Court's decision to dismiss Plaintiff's fourth and sixth causes of action "was based upon its finding insufficient admissible evidence" that Plaintiff put Defendant "on notice that she had a disability and that such disability might need a reasonable accommodation[.]" (Doc. 90 at 1–2). The remainder of Plaintiff's Motion presents evidence that she claims was "overlooked or ignored" by the Court's Order, which "would have supported a finding that [Defendant] had notice of her disability under circumstances that created a duty to engage in the interactive process rather than terminate her[.]" (Doc. 90 at 2).

However, Plaintiff's failure to demonstrate that Defendant had notice of her disability or request a reasonable accommodation were merely two of the reasons why the Court found that Plaintiff was unable to meet the third element of her *prima facie* case for disability discrimination—that she suffered an adverse employment action "because

---

[10] The Court read and considered each and every exhibit filed by the parties in support of their various motions, responses and replies before entering its October 9, 2018 Order (Doc. 86). This includes paragraphs 29–30, 32, and 35 of Plaintiff's Declaration (Doc. 77-1 at 132–38), which she—again—sets forth on page nine of her Motion (Doc. 90). Plaintiff's Motion seems to insinuate that, because the Court did not expressly recite these particular portions of Plaintiff's Declaration in its Order (Doc. 86), the Court consequently must have "ignored" or "overlooked" these portions of her Declaration. (Doc. 89 at 5, 9). That is not the case. Even though the Court only included in its Order those facts and arguments which were relevant and material to explain its ruling, the Court still contemplated all of the facts and arguments presented by each of the parties.

of her disability." (*See* Doc. 86 at 33–38). Indeed, even though the Court's Order articulated the elements of a *prima facie* case of disability discrimination under both the ADA and Rehabilitation Act (Doc. 86 at 26), Plaintiff persists in not acknowledging that she must meet *each* of these three elements to establish her *prima facie* case. As the Court's Order (Doc. 86) delineates in detail, Plaintiff did not make a sufficient showing as to *any* of these three elements.[11] Therefore, even if Plaintiff were to somehow change the Court's mind as to the third element (which it has not) by demonstrating that Defendant had notice of Plaintiff's disability or by proving that Plaintiff requested a reasonable accommodation, Plaintiff still has not met the second element by showing that she is a "qualified individual," or even sufficiently demonstrated that she was "disabled" under the first element. As Plaintiff failed to make a sufficient showing as to each of these three elements, she cannot establish a *prima facie* case of discrimination. For this reason, her disability claims under the ADA and Rehabilitation Act fail, and Plaintiff's Motion is denied.

1. <u>Plaintiff Did Not Demonstrate that She was "Disabled"</u>

Plaintiff's Motion and Reply fail to demonstrate that the Court's ruling as to the first element of her *prima facie* case of disability discrimination was manifestly erroneous. In response to Defendant's argument that Plaintiff's disability discrimination claims fail because Plaintiff again fell short of showing she had a qualifying disability, (Doc. 92 at 4), Plaintiff quotes a portion of the Court's Order ruling on the parties' motion for summary judgment in her Reply. (*See* Doc. 93 at 4). Nevertheless, Plaintiff conveniently leaves out the portion of the Court's Order explaining that "just because

---

[11] The Court determined that Plaintiff did not show that she constitutes a qualified individual, the second element of her *prima facie* case, (Doc. 86 at 33), and failed to demonstrate that she suffered an adverse employment action "because of her disability," the third element of her *prima facie* case, (*id.* at 38). Plaintiff also did not make a sufficient showing as to the first element of her *prima facie* case—whether she was "disabled" at the time that the District terminated her employment. (*See id.* at 26–30). Rather, the Court assumed without deciding that Plaintiff's brain tumor constituted a qualifying disability, (*id.* at 29–30), noting that "the record as to whether Plaintiff's brain tumor substantially limits her major life activities is sparse, to say the least[,]" but declining "to grant summary judgment on the basis of failing to show a 'disability,'" (*id.* at 30 n. 21).

- 10 -

cancer is capable of qualifying as a disability" under the ADA and the Rehabilitation Act "does not mean that Plaintiff's brain tumor necessarily constitutes a disability in this case." (Doc. 86 at 28). Even after the Court stated that "the existence of a disability is determined on a case-by-case basis," (Doc. 86 at 28),[12] Plaintiff continues to argue that "she had a qualifying disability per se" because she had a brain tumor, (Doc. 93 at 5). As the Court's Order explains, Plaintiff averred that she had a "brain tumor," but never explicitly alleged that she had cancer, (*see* Doc. 86 at 28 n. 18), "identif[ied] what substantial life activities her brain tumor limit[ed], nor discuss[ed] the severity or expected duration" of her brain tumor, (*id.* at 29). Plaintiff also did not indicate "whether she experience[d] any symptoms from her brain tumor, or allege[] that such symptoms impact[ed] her ability to work." (*Id.*). Accordingly, the Court recognized that "the record as to whether Plaintiff's brain tumor substantially limit[ed] her major life activities [was] sparse, to say the least." (*Id.* at 30 n. 21). After examining Plaintiff's Motion and Reply, the Court finds that the record remains sparse. Absent averring for the first time in her Motion that her brain tumor was "cancerous,"[13] (Doc. 90 at 2, 6), Plaintiff does not present any new facts indicating that she has a qualifying disability.

In her Reply, Plaintiff argues—for the first time—that her brain tumor substantially limited "the life activity of 'working' from the date she first reported her brain tumor . . . until she was fired just two weeks later on September 30, 2014." (Doc. 93 at 5). While it is true that working is a major life activity,[14] Plaintiff does not explain why she failed to make this argument previously in response to Defendant's Motion for Summary Judgment. *See Motorola, Inc.*, 215 F.R.D. at 582 (citing *Northwest Acceptance Corp.*, 841 F.2d at 925–26) (stating that motions for reconsideration "are not the place for parties to make new arguments not raised in their original briefs"). Moreover, even if it is

---

[12] *See also* 29 C.F.R. § 1630.2(j)(1)(iv) ("The determination of whether an impairment substantially limits a major life activity requires an individualized assessment.").

[13] *See supra* Section II.C.

[14] *See Deppe v. United Airlines*, 217 F.3d 1262, 1265 (9th Cir. 2000); 29 C.F.R. § 1630.2(i)(1)(i).

true that Plaintiff's brain tumor substantially limited her major life activity of working from September 16, 2014 through September 30, 2014, it remains that Plaintiff's alleged disability was not of sufficient duration to invoke the protections of the ADA or Rehabilitation Act.[15] Specifically, Plaintiff averred in her Declaration that she "could have returned to perform [her] regular work duties in the IT Department, or to another full-time position, by mid to late October 2014." (Doc. 77-1 at 138 ¶ 35). Plaintiff also stated that by February or March 2015, she "had fully recovered from [her] post-termination injuries[.]" (*Id.* at 138 ¶ 32). Such a temporary injury with no residual effects cannot be the basis for a sustainable disability discrimination claim. *See Sanders v. Arneson Prod., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996) (holding that the plaintiff's temporary psychological impairment, from December 19, 1992 to April 5, 1993, with no residual effects after April 5, 1993, was not of sufficient duration to fall within the protections of the ADA as a disability); *see also Clevinger v. Intel Corp.*, 254 F. App'x 615 (9th Cir. 2007) (holding that the plaintiff's "temporary cancer-related psychological impairment that required a leave of absence for approximately four months [was] not of 'sufficient duration' to qualify as a disability" where the plaintiff stated that after her leave of absence she no longer suffered from the impairment and that medicine excellently controlled her symptoms). Consequently, Plaintiff failed to demonstrate that the discussion of the first element in the Court's Order (Doc. 86) was manifestly erroneous and, again, failed to raise a triable issue of material fact as to whether Plaintiff was "disabled."

        2.      <u>Plaintiff Did Not Show that She was a "Qualified Individual"</u>

Plaintiff also fails to demonstrate that the Court's ruling as to the second element of her *prima facie* case of disability discrimination was manifestly erroneous. Just as Plaintiff failed to assert anywhere in her Amended Response to Defendant's Motion for Summary Judgment (Doc. 83) that she was a qualified individual, (Doc. 86 at 30),

---

[15] In determining whether an individual is substantially limited in a major life activity, the Court must consider the "duration or expected duration of the impairment." *Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850, 858 (9th Cir. 2009) (quoting *Fraser v. Goodale*, 342 F.3d 1032, 1038 (9th Cir. 2003)).

1  Plaintiff's Motion here also does not address this "qualified individual" element at all, or
2  make any argument that the Court's finding that Plaintiff failed to show that she was a
3  "qualified individual" was erroneous. (*See* Doc. 90). Rather, Plaintiff makes the same
4  argument she made in response to Defendant's Motion for Summary Judgment—that
5  Defendant could have accommodated her by giving her a "leave of absence." (*See id.* at
6  13–14). While the Court will not repeat the entirety of its Order discussing Plaintiff's
7  failure to satisfy this "qualified individual" element, the Court—again—points out that
8  "[m]erely asserting that the District *could have* accommodated her does not meet
9  Plaintiff's burden of demonstrating that she *can* perform the essential functions of her job
10 with such an accommodation." (Doc. 86 at 31).

11 After Defendant's Response pointed out that Plaintiff's Motion again ignored this
12 qualified individual element, (Doc. 92 at 5), Plaintiff then argued in her Reply that "[s]he
13 was otherwise qualified to perform her job duties, *and the Court so found*." (Doc. 93 at 5)
14 (emphasis added). The Court urges Plaintiff to be wary of misrepresenting the words of
15 the Court. Nowhere in the Court's October 9, 2018 Order did the Court find that Plaintiff
16 was "otherwise qualified to perform her job duties," as Plaintiff claims. (Doc. 93 at 5).
17 Rather, the portion of the Court's Order that Plaintiff cites refers to the Court's findings
18 as to the satisfactory performance element of Plaintiff's ADEA claim. (*See* Doc. 86 at
19 16). There, the Court discussed how Defendant's vocational expert opined in an Earning
20 Capacity Evaluation of Plaintiff that she could "obtain, perform, and maintain" jobs such
21 as "SQL Developer" and "SQL Database Administrator." (*Id.*). Then, based on this and
22 other evidence presented by Plaintiff, the Court found that Plaintiff made a showing
23 sufficient to meet the satisfactory performance element of her *prima facie* case under the
24 ADEA. (*Id.*). Stating that Plaintiff made such a showing as to the satisfactory
25 performance element of her age discrimination claim is, in no way, the same as finding
26 that Plaintiff "was otherwise qualified to perform her job duties" or a "qualified
27 individual" under the ADA.

28 Furthermore, Plaintiff failed to argue that Defendant's expert evaluation indicating

that Plaintiff could "obtain, perform, and maintain" various jobs involving SQL programming is evidence that she was a "qualified individual" under the ADA in her Amended Response to Defendant's Motion for Summary Judgment. (*See* Doc. 83). Here, her argument is "too little too late," as a motion for reconsideration is not the place for Plaintiff to make new arguments that she could have raised in her original brief. *Motorola, Inc.*, 215 F.R.D. at 582 (citing *Northwest Acceptance Corp.*, 841 F.2d at 925–26).[16] Accordingly, Plaintiff failed to demonstrate that the discussion of the second element in the Court's Order (Doc. 86) was manifestly erroneous and, again, failed to raise a triable issue of material fact as to whether Plaintiff was a "qualified individual."

### 3. Plaintiff Did Not Demonstrate that She Suffered an Adverse Employment Action "Because of" Her Disability

Finally, Plaintiff also fails to show that the Court's ruling as to the third element of her *prima facie* case of disability discrimination was manifestly erroneous. Interestingly, Plaintiff reproduces portions of the Court's Order containing the Court's summary of the arguments and evidence Plaintiff previously presented relevant to this third element of her *prima facie* case. (*See id.* at 5–8). Not only is the Court at a loss as to how quoting the portions of its Order setting forth the evidence which Plaintiff claims the Court "ignored" is supposed to convince the Court that its Order was erroneous, but the Court's Order extensively explains how Plaintiff failed to demonstrate that Defendant had notice of her disability sufficient to create a duty to engage in the interactive process. (*See* Doc. 86 at 33–38). To the extent Plaintiff makes these same arguments again in her Motion and Reply, the Court refers her to Section IV.B.1.c of the Court's October 9, 2018 Order.

Further, even after the Court explained that Defendant was only required to reasonably accommodate the known limitations of Plaintiff's alleged disability, (*see* Doc. 86 at 35–36), Plaintiff's Motion and Reply again fail to set forth any evidence or valid

---

[16] Even if the Court were to consider this argument, Plaintiff cannot overcome her failure to engage in regular, punctual attendance—an essential job duty which Defendant set forth in its job description for Plaintiff's position. (*See* Doc. 86 at 32). Rather, "Plaintiff never gave any indication whether she would be absent or present at work the following day, which the Court [found] constitute[d] such irregular attendance as to compromise Plaintiff's ability to perform the essential functions of her position." (*Id.* at 32–33).

argument demonstrating that Defendant had notice of any such limitations. Therefore, Plaintiff still "cannot establish that Defendant knew or had reason to know that she required an accommodation for such limitations." (Doc. 86 at 36).

Notwithstanding, Plaintiff continues to unsuccessfully argue, as she did in her Amended Response to Defendant's Motion for Summary Judgment, that Defendant could have reasonably accommodated her by allowing her to more time to procure medical records. *Compare* (Doc. 83 at 7), *with* (Doc. 90 at 13–14). However, merely speaking with Mr. Hernandez regarding the form of medical records she should provide and notifying the District that she scheduled a doctor's appointment in the future to obtain this medical documentation is not equivalent to requesting an accommodation in the form of additional time to procure these records, as Defendant still did not have notice of any alleged limitations resulting from Plaintiff's brain tumor which might need accommodation. (Doc. 86 at 6, 36–37). *See Deister v. AAA Auto Club of Michigan*, 91 F. Supp. 3d 905, 924–25 (E.D. Mich. 2015) (finding that an employee's request that a human resources representative review his medical records did not amount to a request for an accommodation sufficient to trigger the employer's duty to reasonably accommodate the employee absent any statement by this employee that he was having difficulty with his job or any indication that these medical records might reveal a work-related limitation). Similarly, merely calling out sick day by day was not sufficient to put Defendant on notice that Plaintiff wanted an accommodation in the form of use of her accrued paid sick leave. (Doc. 83 at 7; Doc. 86 at 37–38, 40–41 n. 27).

Plaintiff also argues in her reply that "the causal connection between GUHSD learning that Marquez had a disability and her termination just two weeks later presents a fact question for a jury to decide." (Doc. 93 at 6). Despite Plaintiff's assertion that Defendant knew Plaintiff had a "disability," there is still no evidence before the Court demonstrating that Defendant had notice of the limitations resulting from Plaintiff's disability sufficient to put Defendant on notice of its duty to accommodate Plaintiff. Rather, at most, Defendant had knowledge of Plaintiff's statement to Ms. Hyman that she

was diagnosed with a brain tumor. (Doc. 86 at 36). Accordingly, Plaintiff failed to demonstrate that the discussion of the third element in the Court's Order (Doc. 86) was manifestly erroneous and, again, failed to raise a triable issue of material fact as to whether Plaintiff was terminated "because of" a disability.

### E. Defendant's Request for the Attorney's Fees Incurred in Preparing its Response to Plaintiff's Motion for Order Reinstating Counts Four and Six

LRCiv 7.2(g)(2) provides that "[n]o response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response." Due to Plaintiff's failure to comply with the requirements of LRCiv 7.2(g) and inability to meet any of the standards justifying the grant of a motion for reconsideration set forth by the Court in *Motorola, Inc.*, 215 F.R.D. at 586, the Court saw no need to order a response. However, Defendant filed a Response to Plaintiff's Motion for Order Reinstating Counts Four and Six on November 19, 2018. (Doc. 92). In its Response, Defendant acknowledges that LRCiv 7.2(g)(2) "prohibits filing a response to a motion for reconsideration without leave of court." (*Id.* at 1 n.1). Nevertheless, Defendant asserts that it submitted its Response "out of necessity" since "Plaintiff has attempted to circumvent the Local Rules and styled her motion as one for 'reinstatement[.]'" (*Id.*). Further, Defendant asks the Court to award its attorney's fees incurred in preparing this Response "based on the lack of merit to Plaintiff's position and her end run around LR[Civ] 7.2." (Doc. 92 at 8).

Although Defendant does not specify the specific grounds by which it believes it is entitled to attorney's fees, the Court will construe the request under 28 U.S.C. § 1927 because Defendant argues that Plaintiff's motion is "a poorly disguised and untimely attempt to seek reconsideration" which merely "repeats the failed arguments she already made[.]"(Doc. 92 at 1). *See, e.g.*, *Frye v. Pena*, No. CIV. 97-10 TUC RMB, 1997 WL 659817, at \*3 (D. Ariz. Oct. 2, 1997), *aff'd*, 199 F.3d 1332 (9th Cir. 1999) (stating that a court may award fee-shifting sanctions under 28 U.S.C. § 1927 upon a finding that a

1  motion was filed in bad faith).

2  Under 28 U.S.C. § 1927:
3  Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. However, "[a]wards of attorney's fees under 28 U.S.C. § 1927 are not frequently made." *Wight v. Achieve Human Servs., Inc.*, 2:12-CV-1170 JWS, 2012 WL 4359078, at *2 (D. Ariz. Sept. 21, 2012). Rather, "[b]efore a court may engage in any fee-shifting sanctions under § 1927, it must find that 'the attorney acted recklessly or in bad faith.'" *Frye*, 1997 WL 659817, at *3 (citation omitted); *see also New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) ("Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith."). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purposes of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (citations omitted).

While Plaintiff's Motion here failed to meet the requirements pertaining to motions for reconsideration set forth in LRCiv 7.2(g) and in the Rule 16 Scheduling Order (Doc. 16 n. 4), and did not articulate any novel or valid reason why the Court's Order (Doc. 86) was erroneous, Defendant does not sufficiently allege evidence of bad faith in its request for attorney's fees. *See New Alaska Dev. Corp.*, 869 F.2d at 1306. Accordingly, Plaintiff's request for the attorney's fees incurred in responding to Plaintiff's Motion is denied.

///
///
///
///
///

## IV. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's Motion for Order Reinstating Counts Four and Six (Doc. 90) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request for the attorney's fees incurred in responding to Plaintiff's Motion for Order Reinstating Counts Four and Six, (*see* Doc. 92 at 8), is **DENIED**.

**IT IS FINALLY ORDERED** that all dates set forth in the Court's October 19, 2018 Order (Doc. 89) shall remain in effect.

Dated this 6th day of December, 2018.

James A. Teilborg
Senior United States District Judge